IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WEATHERPROOFING TECHNOLOGIES,
INC.,

                Plaintiff,                          OPINION AND ORDER

     v.                                         13-cv-829-wmc

ALACRAN CONTRACTING, LLC,

                Defendant.

---

    In this civil action, plaintiff Weatherproofing Technologies, Inc. ("WTI") alleges that defendant Alacran Contracting, LLC ("Alacran") failed to pay invoices for general contracting services that WTI performed, thereby breaching the contract between the parties. (*See* Compl. (dkt. #1).) WTI alleges that this court may exercise diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 3.) Because the allegations in the complaint are insufficient to determine if this is so, WTI will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

    "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 3.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to defendant Alacran Contracting, LLC prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges defendant is "an Illinois limited liability company with its principal offices located at 309 South Main Street, Rockford, Illinois." (Compl. (dkt. #1) ¶ 2.) As the Seventh Circuit has instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, WTI will be given leave to file within 14 days an amended complaint that establishes subject matter

jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until May 15, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 1st day of May, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge