IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WEATHERPROOFING TECHNOLOGIES, INC.,

                Plaintiff,                      ORDER

   v.

                                         13-cv-829-jdp

ALACRAN CONTRACTING, LLC,

                Defendant.

---

Plaintiff Weatherproofing Technologies, Inc., won summary judgment in this contract dispute and was awarded $2,129,277.11. Dkt. 48. In granting summary judgment, the court ordered defendant Alacran Contracting, LLC, to show cause why the court should not also award plaintiff its reasonable attorney fees and expenses as a sanction for defendant's frivolous arguments in the case. *Id.* at 10. Defendant never responded to that order, and so the court instructed plaintiff to submit its fee documentation for review. Dkt. 52. Plaintiff has now submitted its request for $244,234.50 in total attorney fees and expenses, Dkt. 53, which includes an earlier awarded sanction of $36,291.00 in attorney fees (*see* Dkt. 32) that defendant has yet to pay (*see* Dkt. 53-22).

"The fee claimant bears the burden of substantiating the hours worked and the rate claimed." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). To carry this burden, plaintiff must: (1) identify a reasonable number of hours worked; and (2) multiply the hours by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In its submission, plaintiff provides invoices from October 2013 to present, accounting for its attorneys' time in six-minute increments, with a description of each task. Dkt. 53. According to the invoices, plaintiff's attorneys charge $435 per hour for partners' work and $350 per hour for associates' work. Although plaintiff's attorneys have not explicitly affirmed

that these rates are reasonable or that they exercised billing judgment in preparing the materials, the court will assume both that they are and that they did because the fees are presented as invoices. Invoices that a client accepts and pays indicate reasonableness. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 653-54 (7th Cir. 2011) ("the best evidence of whether attorney's fees are reasonable is whether a party has paid them.") (quoting *Cintas Corp. v. Perry*, 517 F.3d 459, 469-70 (7th Cir. 2008)). Defendant has not filed any objection to these fees. Based on the court's experience with fee requests from similar law firms and based on a review of the invoices, the court concludes that the requested fees and expenses are reasonable. Accordingly, the court will award plaintiff its reasonable fees and expenses in the amount of $244,234.50, which includes the amount of $36,291.00 previously awarded to plaintiff in connection with a motion to compel.

ORDER

IT IS ORDERED that:

1. Plaintiff Weatherproofing Technologies, Inc., is awarded its reasonable attorney fees and expenses in the amount of $244,234.50.

Entered May 7, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge